UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| 1597 ASHFIELD VALLEY TRUST, et al., | Case No. 2:14-CV-2123 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION SYSTEM, et al., | |
| Defendant(s). | |

Presently before the court is counterdefendant Hiddencrest/Parkhurst Community Association's ("Hiddencrest") motion to dismiss. (Doc. # 40). Counterclaimant Federal National Mortgage Association ("Fannie Mae") filed a response, (doc. # 44), and Hiddencrest filed a reply, (doc. # 48).

Also before the court is counterclaimants Fannie Mae and Federal Housing Finance Agency's ("FHFA") motion for summary judgment, (doc. # 46), which defendant Oscar Moreno joined, (doc. # 52). Counterdefendants Absolute Collection Services ("Absolute") filed a response, (doc. # 51), which counterdefendants 1597 Ashfield Valley Trust ("Ashfield Trust"), Sirwan Toth, and David Toth joined, (doc. # 54), and counterdefendant Hiddencrest joined, (doc. # 56). Counterdefendants Ashfield Trust, Sirwan Toth and David Toth also filed a response, (doc. # 53), which counterdefendant Hiddencrest joined, (doc. # 56). Counterclaimants Fannie Mae and FHFA filed a reply. (Doc. # 67).

Also before the court is counterdefendant Absolute's countermotion for summary judgment. (Doc. # 73). Counterclaimant Fannie Mae and FHFA filed a response, (doc. # 68), and Absolute filed a reply, (doc. # 72).

**James C. Mahan**
**U.S. District Judge**

**I.     Background**

The present case involves a dispute over real property located at 1597 Ashfield Valley Avenue in Las Vegas, Nevada ("the property"). Brenard Rindon purchased the property on April 25, 2007. Rindon financed his purchase with a $276,000.00 loan from First Horizon Home Loan Corporation ("First Horizon"). (Doc. # 5 at 16). The promissory note listed First Horizon as the note holder. First Horizon sold the note to Fannie Mae on May 1, 2007. (*Id.* at 16).

Rindon's loan was secured via a deed of trust encumbering the property. The deed of trust originally listed First Horizon as the lender and MERS as the beneficiary. (*Id.* at 30). On March 15, 2010, MERS assigned its beneficial interest in the deed of trust to First Horizon. (*Id.* at 46). On July 17, 2012, First Horizon assigned its beneficial interest in the deed of trust to Fannie Mae. (*Id.* at 48-50). The assignment to Fannie Mae was recorded on August 15, 2012. (*Id.* at 16).

At some point, Rindon stopped paying his HOA dues to Hiddencrest. On May 10, 2011, Absolute, acting as trustee for Hiddencrest, recorded a notice of delinquent assessment lien. (*Id.* at 68-69). On October 13, 2011, Absolute recorded a notice of default and election to sell under homeowner's association lien. (Doc. # 1-1 at 21-23).

On March 23, 2012, Absolute recorded a notice of trustee's sale. (*Id.* at 24-25). On June 6, 2012, Hiddencrest recorded a notice of delinquent violation lien. (*Id.* at 26-27). On August 14, 2012, Absolute, held a foreclosure sale. (*Id.* at 16-19). Sirwan Toth and David Toth, acting as trustees for Ashfield Trust, allegedly purchased the home at the sale. (*Id.*).

Fannie Mae also initiated foreclosure proceedings, claiming that its interest in the property survived the HOA foreclosure sale. (Doc. # 5 at 16-17). Fannie Mae alleges that on March 11, 2013, the named trustee on Fannie Mae's deed of trust sold the subject property at a foreclosure sale to Fannie Mae. (*Id.* at 17). Fannie Mae alleges that it then sold the property to Oscar Moreno on May 22, 2013. (*Id.*).

Plaintiffs Ashfield Trust, David Toth and Sirwan Toth ("plaintiffs") filed their original complaint in state court on November 14, 2014. Three named defendants are listed on the complaint: Fannie Mae, Venta Financial Group Inc., and Moreno. Plaintiffs assert eight causes of action: (1) wrongful foreclosure against Fannie Mae; (2) quiet title against all defendants; (3)

declaratory relief against all defendants; (4) conversion against all defendants; (5) unjust enrichment against Fannie Mae; (6) slander of title against Fannie Mae; (7) set aside foreclosure sale against all defendants; and (8) void or cancel trustee's deed upon sale against all defendants. On December 15, 2014, defendant Fannie Mae removed the case to this court.

Fannie Mae filed counterclaims on December 24, 2014. (Doc. # 5). Fannie Mae asserts five claims: (1) wrongful foreclosure against Hiddencrest and Absolute; (2) quiet title against all counter-defendants; (3) declaratory relief against all counter-defendants; (4) slander of title against all counter-defendants; and (5) unjust enrichment against Hiddencrest.

FHFA moved to intervene on December 24, 2014. (Doc. # 6). FHFA attached counterclaims to the motion to intervene, which was later filed as a separate document. (*See* docs. ## 6-1, 45). FHFA asserts two claims: (1) declaratory judgment against Hiddencrest and plaintiffs; and (2) quiet title against plaintiffs. (Doc. # 45).

On February 19, 2015, counterdefendant Hiddencrest filed a motion to dismiss Fannie Mae's counterclaims for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Doc. # 40). On March 19, 2015, counterclaimants Fannie Mae and FHFA filed a motion for summary judgment, (doc. # 46), which defendant Moreno joined, (doc. # 52). On April 10, 2015, counterdefendant Absolute filed a motion for summary judgment on Fannie Mae's counterclaims.

## II.     Legal standards

*A. Rule 12(b)(6) motion to dismiss*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted). Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (quotations omitted). When allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.* at 1216.

B. *Rule 12(b)(1) motion to dismiss*

A court may dismiss a plaintiff's complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A properly pled complaint must provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1).

James C. Mahan
U.S. District Judge

*C. Rule 56 motion for summary judgment*

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving a claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 323-24. If the moving party fails to meet its burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

James C. Mahan
U.S. District Judge

- 5 -

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to decide whether a genuine issue exists for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249-50.

### III.     Discussion

#### A. *Hiddencrest's motion to dismiss*

Counterdefendant Hiddencrest asks the court to dismiss all of counterclaimant Fannie Mae's claims. Hiddencrest argues for dismissal of Fannie Mae's quiet title claim pursuant to Rule 12(b)(6), and for dismissal of Fannie Mae's wrongful foreclosure, declaratory relief, slander of title, and unjust enrichment claims pursuant to Rule 12(b)(1).

Hiddencrest asserts that Fannie Mae's quiet title claim against it fails to state a claim upon which relief can be granted. Hiddencrest argues that Fannie Mae cannot maintain a cause of action against it for quiet title because Hiddencrest no longer claims an interest in the subject property. Fannie Mae agreed to dismiss its quiet title claim against Hiddencrest based on the representation that Hiddencrest does not claim ownership in the subject property. Therefore, the court dismisses the quiet title claim against Hiddencrest without further considering the motion.[1]

Hiddencrest asserts that Fannie Mae's claims for wrongful foreclosure, declaratory relief slander of title, and unjust enrichment are civil actions subject to NRS 38.310 and lack subject matter jurisdiction. Fannie Mae responds that NRS 38.310 is inapplicable because Fannie Mae's claims do not relate to the interpretation, application, or enforcement of HOA covenants,

---

[1] The court considers whether Fannie Mae properly brings a claim for quiet title while discussing ACS' motion for summary judgment.

conditions or restrictions. Further, Fannie Mae asserts that it takes issue with the HOA's foreclosure process, not with the HOA's authority to foreclose.

NRS 38.320 states, "[a]ny civil action described in NRS 38.310 must be submitted to mediation or referred to a program by filing a written claim with the Division." Section 38.310 provides that,

> No civil action based upon a claim relating to: (a) [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association . . . may be commenced in any court in this State unless the action has been submitted to mediation or . . . a program pursuant to the provisions of NRS 38.300 to 38.360, inclusive . . . .

NRS 38.310(1). Subsection 2 states, "[a] court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." NRS 38.310(2).

Under NRS 38.300(3), a civil action includes "an action for money damages or equitable relief," but not "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property."

### i. Wrongful foreclosure, slander of title, and unjust enrichment

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, LLP v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12-CV-1367-JCM-PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.*

"Slander of title involves false and malicious communications that disparage a person's title in land and cause special damages." *Id.* "Slander of title is an NRS 38.300(3) civil action because it exists separate from the title to land." *Id.*

1      "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the
2  defendant appreciates such benefit, and there is acceptance and retention by the defendant of such
3  benefit under circumstances such that it would be inequitable for him to retain the benefit without
4  payment of the value thereof." *Cert. Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev.
5  2012) (citations and quotations omitted). The Nevada Supreme Court's discussion of slander of
6  title in *McKnight* is instructive on whether unjust enrichment qualifies as a civil action. *See*
7  *McKnight,* 310 P.3d at 559. This court finds that unjust enrichment qualifies as a civil action under
8  NRS 38.300(3) and is subject to NRS 38.310.

9      Fannie Mae must submit a complaint through mediation or a certified program before
10 proceeding with a civil action for wrongful foreclosure, slander of title or unjust enrichment. *See*
11 NRS 38.310. The court grants Hiddencrest's motion to dismiss Fannie Mae's wrongful
12 foreclosure, slander of title and unjust enrichment claims without prejudice.

13          *ii. Declaratory relief*

14     Fannie Mae's claim for declaratory relief asks the court to determine whether Fannie Mae's
15 first deed of trust survived HOA foreclosure. This "directly relates to an individual's right to
16 possess and use his or her property." *McKnight*, 310 P.3d at 559. The court finds that a declaratory
17 relief claim is not a civil action as defined in NRS 38.300(3), and is therefore exempt from NRS
18 38.310. The court denies Hiddencrest's motion to dismiss Fannie Mae's declaratory relief claim.

19        B. *Fannie Mae and* FHFA's motion for summary judgment

20     Counterclaimants Fannie Mae and FHFA filed a motion for summary judgment, which
21 defendant Moreno joined. The motion appears to be a template which Fannie Mae, Freddie Mac
22 and FHFA have used in similar cases in this district. *See, e.g.*, *Skylights LLC v. Byron*, No. 2:15-
23 CV-00043-GMN-VCF, Doc. # 26; *LN Mgmt. LLC Series 2543 Citrus Garden v. Gelgotas*, No.
24 2:15-CV-00112-MMD-CWH, Doc. # 32; *see also Elmer v. J.P. Morgan Chase Bank*, No. 2:14-
25 CV-01999-GMN-NJK, Doc. # 57; *Premier One Holdings, Inc. v. Fed. Nat. Mort. Assoc.*, No. 2:14-
26 CV-02128-GMN-NJK, Doc. # 30. Motions for summary judgment do not lend well to a "one size
27 fits all" approach. Fannie Mae and FHFA's instant motion does not state which claims the motion
28

James C. Mahan
U.S. District Judge

intends to address. Counterclaimants' drafting places the burden on the court to determine which claims counterclaimants are moving for summary judgment on in this case.

The court treats the motion as a request for summary judgment on FHFA's two counterclaims. The motion clearly discusses FHFA's declaratory judgment and quiet title claims, and the opposing parties have responded with arguments relating to these claims. Therefore, the court addresses only the declaratory judgment and quiet title claims advanced by FHFA. *Cf. SSI Big Sky LLC v. Schnitzer Steel Indus., Inc.*, No. CV-11-49-M-DWM, 2012 WL 5492943, at *1 n.2 (D. Mont. Oct. 1, 2013) (holding that the court would consider defendant's motion a partial motion for summary judgment when it was facially unclear which claims defendant requested summary judgment on but his arguments clearly discussed only one claim).

*i. Declaratory relief*

FHFA requests declaratory relief under 28 U.S.C. § 2201 and NRS 40.010. FHFA asserts that the supremacy clause is directly implicated in this action, as NRS 116.3116's extinguishment provision is an obstacle to Congressional intent in passing 12 U.S.C. § 4617. Counterdefendants claim that under the Nevada Supreme Court's reading of NRS 116.3116 in *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), a HOA superpriority lien foreclosure sale transfers title free and clear, thereby extinguishing all other deeds of trust attached to the property.

When a "challenged state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress,'" the applicable federal law is controlling. *Arizona v. United States*, 132 S.Ct. 2492, 2501 (2012). (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)). "What is a sufficient obstacle is a matter of judgment, to be informed by examining the federal statute as a whole and identifying its purpose and intended effects." **Crosby v. Nat'l Foreign Trade Council**, 530 U.S. 363, 373 (2000).

12 U.S.C. § 4617(j)(3) reads, "[n]o property of the Agency shall be subject to . . . foreclosure, or sale without the consent of the Agency . . . ." "The provisions of [4617(j)] shall apply with respect to the Agency in any case in which the Agency is acting as a conservator or a receiver." 12 U.S.C. § 4617(j)(1). Therefore, under 12 U.S.C. § 4617, no individual may foreclose

on property interest possessed by a company in FHFA conservatorship without FHFA consent. *See Skylights LLC v. Byron*, No. 2:15-CV-00043-GMN-VCF, 2015 WL 3887061, at *5. NRS 116.3116 allows superpriority interests to foreclose upon first deeds of trust, with no exception for property interests of FHFA.

In the instant case, assuming a property interest is implicated,[2] 12 U.S.C. § 4617(j) is in direct conflict with NRS chapter 116. Either NRS 116.3116 allows superiority lien foreclosure to extinguish Fannie Mae's first deed of trust without consent from FHFA, or 12 U.S.C. § 4617(j) prohibits extinguishment without consent.

The supremacy clause enables 12 U.S.C. § 4617(j) at the expense of NRS 116.3116. *See Arizona v. United States*, 132 S.Ct. 2492, 2501 (2012) ("[S]tate laws are preempted when they conflict with federal law."). The federal statute's text requires consent before foreclosing on property owned by a company in FHFA conservatorship. As NRS 116.3116 is a sufficient obstacle to Congressional intent in passing 12 U.S.C. § 4617, the federal law must prevail. *See Arizona*, 132 S.Ct. at 2501; *Crosby*, 530 U.S. at 373. Unless FHFA consents, HOA superpriority foreclosure sales are incapable of extinguishing property interests held by Fannie Mae while under FHFA conservatorship.

The question thus becomes whether Fannie Mae held a property interest at the time of the HOA foreclosure sale on August 14, 2012. If neither Fannie Mae nor another protected entity held a property interest at the time of the HOA foreclosure sale, a superpriority lien foreclosure would extinguish any deeds of trust attached to the property and transfer title free and clear to the purchaser at the foreclosure sale. *See* NRS 116.3116; *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 412-14 (Nev. 2014). Counterclaimants advance multiple arguments for why Fannie Mae held a property interest at the time of the HOA foreclosure sale. The court addresses each argument in turn.

Counterclaimants assert that possession of the underlying note originally connected to the deed of trust establishes that Fannie Mae held an interest in the subject property. Fannie Mae

---

[2] The court will discuss whether Fannie Mae has a property interest in the disputed property later in this section.

purchased the promissory note on May 1, 2007, before the HOA foreclosure sale on August 14, 2012. Counterclaimants argue that because the note was originally connected to the deed of trust, and because the note is a "mortgage interest," the note qualifies as an interest in property.[3] (*See* doc. # 67 at 10).

A promissory note connected with a home mortgage loan is not an interest in the real property encumbered by the deed of trust. *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 254 (Nev. 2012). "[T]he holder of the note is only entitled to repayment, and does not have the right under the deed to use the property as means of satisfying repayment." *Id.* (citing *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039 (9th Cir. 2011). Therefore, Fannie Mae's note does not qualify as an interest in property subject to protection under 12 U.S.C. § 4617.

Counterclaimants assert that the deed of trust was transferred with the purchase of the note. The Nevada Supreme Court has adopted the Restatement approach to note transfers. *Edelstein*, 286 P.3d at 260. The Restatement approach is that a promissory note and a deed of trust are automatically transferred together unless the parties agree otherwise. *Id.* at 257. Therefore, while it is more common to keep the note and deed of trust together,[4] Nevada "permits the parties to separate a promissory note and a deed of trust, should the parties so agree." *Id.* In *Edelstein*, the court held that "[d]esignating MERS as the beneficiary . . . effectively 'split' the note and the deed of trust at inception because, as the parties agreed, an entity separate from the original note holder . . . is listed as the beneficiary (MERS)." *Id.* at 259.

Here, the deed of trust lists an entity separate from the original note holder (First Horizon) as the beneficiary (MERS).[5] Listing different entities as the note holder and beneficiary under the deed of trust "split" the note and deed of trust at inception. *See Edelstein*, 286 P.3d at 260.

---

[3] Fannie Mae and FHFA use the term "mortgage lien" to mean "promissory note" in their reply. (*See* doc. # 67 at 10).

[4] This is because, "both the promissory note and the deed must be held together to foreclose." *Edelstein*, 286 P.3d at 258.

[5] Counterclaimants argue that MERS acted "solely as nominee for the Lender, its successors and assigns." (*See* doc. # 46 at 4). MERS was granted the same authority under the facts of *Edelstein*, where the court held the note was split. *See* 286 P.3d at 258 ("MERS was characterized in the deed of trust as 'a separate corporation that is acting solely as a *nominee* for Lender and Lender's successors and assigns.' ") (emphasis in original).

James C. Mahan
U.S. District Judge

- 11 -

1   Therefore, although the split was not "irreparable or fatal," it bars this court from stating as a matter
2   of law that Fannie Mae presumptively received the deed of trust when it purchased the promissory
3   note from First Horizon. *See id.*
4   Counterclaimants assert that notwithstanding a possible severance of the note and deed of
5   trust, First Horizon's assignment of the deed of trust to Fannie Mae on July 17, 2012, means that
6   Fannie Mae held a property interest at the time of the foreclosure sale. Counterdefendants argue
7   that as the assignment was not recorded until a day after the foreclosure sale, Fannie Mae did not
8   hold a property interest at the time of the sale.[6]
9   "[A]ny assignment of the beneficial interest under a deed of trust must be recorded." NRS
10  106.210. Although recording is now required by statute, it is not a necessary prerequisite to a valid
11  assignment. *See* NRS 111.315 ("[The assignment] shall be valid and binding between the parties
12  thereto without such record."). The purpose of recording is to "operate as notice to third persons."
13  NRS 111.315; *see* NRS 106.210.
14  First Horizon assigned the deed of trust to Fannie Mae on July 17, 2012. (Doc. # 5 at 48-
15  49). Upon signature, First Horizon transferred rights as beneficiary of the deed of trust to Fannie
16  Mae. Therefore, on July 17, 2012, Fannie Mae held an interest in the subject property.
17  Property of Fannie Mae while in FHFA conservatorship cannot be foreclosed on without
18  agency consent. 12 U.S.C. § 4617(j). As Fannie Mae had an interest in the subject property before
19  August 14, 2012, a foreclosure sale on that date could not have extinguished Fannie Mae's property
20  interest. As a matter of law, Fannie Mae's interest survived beyond August 14, 2012. This court
21  grants summary judgment in favor of FHFA on its claim for declaratory judgment.[7]

---

[6] Counterdefendants also argue that the assignment was defective, as evidenced by the "corrective" assignment recorded on February 7, 2014. As counterdefendants were not a party to the transaction, they do not have standing to raise this issue. *See, e.g.*, *Villagrana v. Reconstruct Co.*, No. 3:11-CV-00652-ECR-WGC, 2012 WL 1890236 (D. Nev. May 22, 2012) ("Plaintiff does not have standing to challenge [the assignment's] validity because Plaintiff is neither a party to nor a third-party beneficiary of the contract between the assignors and assignees—only the parties to those transactions would have standing to challenge their validity.").

[7] Granting summary judgment on counterclaimant FHFA's declaratory judgment claim constitutes a ruling on only the claim detailed in FHFA's counterclaim. This court expresses no definitive opinion on any other claim, counterclaim or crossclaim.

James C. Mahan
U.S. District Judge

*ii. Quiet title*

Counterclaimants argue that Fannie Mae's held a superior property interest to Ashfield Trust, David Toth and Sirwan Toth between the date of the alleged HOA foreclosure sale and the date that Fannie Mae foreclosed on its interest in the property. Counterdefendants argue that the HOA foreclosure sale extinguished Fannie Mae's interest in the property.

An action to quiet title may be brought by "any person against another who claims an estate or interest in real property, adverse to him, for purpose of determining such adverse claim." NRS 40.010; *Del Webb Conservation Holding Corp. v. Tolman*, 44 F.Supp.2d 1105, 1110-11 (D. Nev. 1999). The burden of proof rests with the plaintiff to prove good title in himself. *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).

To have standing to assert a quiet title claim, a plaintiff must have a current claim to the land in dispute. *See, e.g.*, *Daly v. Lahontan Mines Co.*, 151 P. 514, 516 (Nev. 1915) *aff'd on reh'g*, 158 P. 285 (1916) ("An action to quiet title is based upon the presumption that the plaintiff has title."); *see also Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[E]ven when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). "[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999).

The arguments counterclaimants present in their motion explain why Fannie Mae's interest survived the HOA foreclosure sale. However, neither Fannie Mae nor FHFA claim a current interest in the property. Fannie Mae admits to foreclosing on its interest in the property on March 11, 2013. (Doc. # 5 at 17). Fannie Mae purchased the property at its foreclosure sale, and then sold the property to Moreno on May 22, 2013. (*Id.*). Therefore, neither Fannie Mae nor the FHFA has standing to bring a quiet title claim.[8] *See* NRS § 40.010; *Daly*, 151 P. at 516. The court dismisses FHFA's quiet title claim.

---

[8] Counterclaimant Moreno joined Fannie Mae and FHFA's motion. (Doc. # 52). However, Moreno is not a named party in FHFA's counterclaim. While Moreno may have standing to bring a claim for quiet title against the plaintiffs, the counterclaim at issue does not explain Moreno's

C. *Absolute's motion for summary judgment*

Counterdefendant Absolute moved for summary judgment on all claims raised by Fannie Mae. (Doc. # 73). As the court dismisses counts one, four and five for failure to state a claim upon which relief can be granted, the court need address only counts two and three.

i. *Quiet title*

The court already discussed standing as related to quiet title claims against property. Fannie Mae does not currently possess an interest in the disputed property. Therefore, Fannie Mae does not have standing to bring a quiet title claim. *See* NRS § 40.010; *Daly v. Lahontan Mines Co.,* 151 P. 514, 516 (1915) *aff'd on reh'g*, 158 P. 285 (1916). The court dismisses Fannie Mae's quiet title claim.

ii. *Declaratory relief*

Fannie Mae asks the court to grant declaratory relief and find that the HOA foreclosure sale did not extinguish Fannie Mae's interest in the property. Absolute argues that because Fannie Mae's interest was not recorded until August 15, 2012, Fannie Mae did not have an interest in property at the time of the foreclosure sale.

Fannie Mae held an interest in the property as of July 17, 2012. This interest constituted a first priority security interest that the HOA foreclosure sale did not extinguish. Absolute, as the moving party, has not provided evidence to negate an essential element of Fannie Mae's case. Likewise, Absolute has not demonstrated that Fannie Mae failed to make a sufficient showing of an essential element of Fannie Mae's case. Therefore, the court denies Absolute's countermotion for summary judgment on claim three. *See Celotex*, 477 U.S. at 323-24.

IV. **Conclusion**

Because the court finds that it does not have subject matter jurisdiction over counterclaimant Fannie Mae's claims for wrongful foreclosure, slander of title, unjust enrichment, the court dismisses these claims without prejudice. Further, the court dismisses Fannie Mae's quiet title claim. One cause of action remains from Fannie Mae's counterclaims: declaratory relief regarding whether the HOA sale extinguished Fannie Mae's first deed of trust.

---

interest in the property. Instead, it focuses on the respective rights of Ashfield Trust, David Toth, Sirwan Toth, Fannie Mae and FHFA.

The court grants summary judgment in favor of counterclaimant FHFA on its declaratory judgment claim. Finally, the court dismisses FHFA's quiet title claim.[9]

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that counterdefendant Hiddencrest/Parkhurst Community Association's motion to dismiss, (doc. # 40), be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing. Fannie Mae's claim for declaratory relief remains.

IT IS FURTHER ORDERED that counterclaimants Federal National Mortgage Association, Federal Housing Finance Administration, and Oscar Moreno's motion for summary judgment, (doc. # 46), be, and the same hereby is, GRANTED with respect to FHFA's declaratory judgment claim. The court dismisses FHFA's claim for quiet title because FHFA lacks standing to bring the claim.

IT IS FURTHER ORDERED that counterdefendant Absolute Collection Services' countermotion for summary judgment, (doc. # 73), be, and the same hereby is, DENIED. The court dismisses Fannie Mae's claim for quiet title because Fannie Mae lacks standing to bring the claim.

DATED July 28, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[9] As discussed previously, the court renders judgment on only Fannie Mae and FHFA's claims.

James C. Mahan
U.S. District Judge

- 15 -