ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
ASHLIE L. SURUR, ESQ.
Nevada Bar No. 11290
**GORDON & REES LLP**
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada  89169
Telephone:  (702) 577-9300
Facsimile:  (702) 255-2858
Email: rlarsen@gordonrees.com
        asurur@gordonrees.com

*Attorneys for Hiddencrest/Parkhurst*
*Community Association*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| 1597 ASHFIELD VALLEY TRUST, a Nevada Trust; DAVID TOTH and SIRWAN TOTH, Trustees,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION SYSTEM, a Delaware Association; VENTA FINANCIAL GROUP, INC., a Nevada Corporation; OSCAR MORENO, an Individual; DOES, 1 through 25 inclusive; and ROE CORPORATIONS, I through X, inclusive,<br><br>Defendants.<br><br>———————————————<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION SYSTEM,<br><br>Counterclaimant,<br><br>vs.<br><br>1597 ASHFIELD VALLEY TRUST, a Nevada Trust; DAVID TOTH and SIRWAN TOTH, Trustees; HIDDENCREST/PARKHURST COMMUNITY ASSOCIATION, a Nevada non-Profit Corporation; and ABSOLUTE COLLECTION SERVICES, LLC, a Nevada Limited-Liability Company,<br><br>Counterdefendants. | CASE NO. 2:14-cv-2123-JCM-GWF<br><br>**STIPULATION TO STAY DISCOVERY**<br>**(Second Request)** |

**STIPULATION TO EXTEND DISCOVERY STAY**

**(Second Request)**

Pursuant to Local Rules 6-1 and 7-1, the parties, by and through their attorneys of record, submit the following stipulation for the Court's review and approval.

1.  Pursuant to Rule 26(f) and this Court's September 23, 2015 Order (Doc. 78), the parties participated in a meet and confer conference on October 12, 2015 and October 13, 2015.

2.  On October 14, 2014, the parties submitted a joint status report. Doc. 82.

3.  On October 16, 2015, the Court ordered the parties to submit motions for summary judgment by November 16, 2015. Doc. 84.

4.  The parties reasonably believe that the motions for summary judgment to be filed by November 16, 2015 will resolve any outstanding claims and result in a final, appealable order.

5.  The parties further agree that additional discovery is not required to address the issues that are expected to be raised in the forthcoming motions for summary judgment.

6.  The parties agree it is in the best interest of all parties to await the Court's ruling on the summary judgment motions scheduled to be filed by November 16, 2015 before setting discovery deadlines and incurring the time and expense of written discovery and depositions in the event the Court resolves all outstanding claims.

7.  Federal district courts have "wide discretion in controlling discovery." *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988). In exercising this discretion, a district court may stay discovery based on the filing of a motion that is "potential dispositive of the entire case." *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 601 (D. Nev. 2011). *See also Turner Broadcasting Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (holding that "[w]hether to grant a stay is within the discretion of the Court…"); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife,* 288 F.R.D. 500, 506 (D. Nev. 2013) ("discovery should be stayed while dispositive motions are pending only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law…") (internal quotations omitted). The parties' position is that the forthcoming motions for summary judgment will raise purely legal questions that can be resolved without discovery. As such, it is

1   within the Court's power to grant a stay of discovery at this time.

2        8.    It would be burdensome and unfair to have the parties incur the expense of time-

3   consuming and costly discovery because the parties have agreed to a stay.  Rule 1 of the Federal

4   Rules of Civil Procedure provides that the federal rules of practice should be "construed and

5   administered to secure the just, speedy, and *inexpensive* determination of every action and

6   proceeding."  (Emphasis added).  Thus, staying discovery in this case is consistent with the spirit

7   and intent of the Federal Rules of Civil Procedure.  Further, should the Court's decision on the

8   forthcoming motions result in a final appealable order, the parties will be forced to engage in and

9   incur the costs of discovery which may not be necessary, to their prejudice.

10       9.    In order to preserve the parties' resources, and to promote judicial economy, the

11   parties have agreed, subject to the Court's approval, to stay discovery until after the Court's

12   decision on the motions for summary judgment to be filed by November 16, 2015.

13       10.    The parties further agree to delay submission of the stipulated discovery plan and

14   discovery order for fourteen (14) days after the Court's decision on last motion for summary

15   judgment filed on November 16, 2015.

16       11.    This is the parties' second request for a discovery stay.  The previous request was

17   granted by the Court.  *See* Doc. 54.

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

12.     The parties further agree to file with the Court a joint written status report addressing the motions to be filed November 15, 2015 every ninety (90) days, with the first joint written status report due ninety (90) days after entry of the order on this stipulation.

DATED:  November 5, 2015

FENNEMORE CRAIG

/s/ John D. Tennert
Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
300 East Second Street, Suite 1510
Reno, Nevada  89501
*Attorneys for Federal Housing*
*Finance Agency*

DATED:  November 5, 2015

ALDRIDGE PITE, LLP

/s/ Laurel I. Handley
Laurel I. Handley, Esq. (SBN 9576)
Krista J. Nielson, Esq. (SBN 10698)
520 South Fourth Street, Suite 360
Las Vegas, Nevada  89101
*Attorneys for Federal National*
*Mortgage Association System*

DATED:  November 5, 2015

BLACK & LOBELLO

/s/ Maximiliano D. Couvillier, III, Esq.
Maximiliano D. Couvillier, III, Esq.
(SBN 7661)
10777 West Twain Avenue, Suite 300
Las Vegas, Nevada  89135
*Attorneys for Oscar Moreno*

DATED:  November 5, 2015

GORDON & REES LLP

/s/ Ashlie L. Surur
Robert S. Larsen, Esq. (SBN 7785)
Ashlie L. Surur, Esq. (SBN 11290)
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada  89169
*Attorneys for Hiddencrest/Parkhurst*
*Community Association*

DATED:  November 5, 2015

CHARLES L. GEISENDORF, LTD.

/s/ Charles L. Geisendorf
Charles L. Geisendorf, Esq. (SBN 6985)
2520 St. Rose Parkway, Suite 311
Henderson, Nevada  89074
*Attorneys for Absolute Collection Services,*
*LLC*

DATED:  November 5, 2015

KANG & ASSOCIATES

/s/ Erica D. Lloyd, Esq.
Patrick W. Kang, Esq. (SBN 10381)
Erica D. Loyd, Esq. (SBN 10922)
6480 Spring Mountain Road, Suite 1
Las Vegas, Nevada  89146
*Attorneys for 1597 Ashfield Valley Trust*

IT IS SO ORDERED:

*George Foley Jr.*
UNITED STATES MAGISTRATE JUDGE

DATED:  November 6, 2015

1103025/25564523v.1