UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| 1597 ASHFIELD VALLEY TRUST, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION SYSTEM, et al.,<br><br>Defendant(s). | Case No. 2:14-CV-2123 JCM (CWH)<br><br>ORDER |

Presently before the court is intervenor defendant Federal Housing Finance Agency ("FHFA") and defendant Federal National Mortgage Association System's ("Fannie Mae") motion for summary judgment. (ECF No. 93). Counter defendant and plaintiff 1597 Ashfield Valley Trust ("Ashfield"), defendant and cross claimant Oscar Moreno, counter defendant Absolute Collection Services, LLC ("Absolute"), and counter defendant Hiddencrest/Parkhurst Community Association ("Hiddencrest") each filed a response. (ECF Nos. 95, 96, 98, and 99). FHFA and Fannie Mae filed a reply. (ECF No. 101).

Also before the court is counter claimant and defendant Oscar Moreno's motion for leave to file an amended counterclaim. (ECF No. 105). Counter defendant Absolute Collection Services, LLC filed a response. (ECF No. 108). Mr. Moreno filed a reply. (ECF No. 112).

Plaintiff Ashfield initiated this lawsuit to, *inter alia*, quiet title to real property. (ECF No. 1-1). Ashfield obtained title to the property from Hiddencrest at a homeowners' association foreclosure sale. Amongst other things, Mr. Moreno's answer to the complaint and Fannie Mae's answer to his counterclaim both allege that Nevada Revised Statute 116.3116, *et seq.*, under which the foreclosure was effectuated, is unconstitutional. (ECF No. 20 at 13; ECF No. 43 at 12).

**James C. Mahan**
**U.S. District Judge**

A party who files a pleading, written motion, or other paper drawing into question the constitutionality of a state statute must promptly "file a notice of constitutional question stating the question and identifying the paper that raises it, if . . . the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity . . . ." FED. R. CIV. P. 5.1(a)(1)(B). Additionally, FRCP 5.1 requires the court to "certify to the appropriate attorney general that a statute has been questioned" under 28 U.S.C. § 2403. FED. R. CIV. P. 5.1(b). Section 2403 states that the court "shall permit the [s]tate to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality." 28 U.S.C. § 2403(b).

Here, no notice has been provided to the attorney general of Nevada, and the court has not certified the question to the attorney general. In light of the foregoing rule and statute, the court will deny the parties' motions without prejudice to allow: (1) Oscar Moreno and Fannie Mae to file notices of constitutional question, (2) the court to comply, and (3) the attorney general to intervene. Similarly, other dispositive motions will be denied without prejudice to allow Mr. Moreno and Fannie Mae to comply with the rule. The parties may renew their motions after the attorney general has been afforded time to respond.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that intervenor defendant Federal Housing Finance Agency and defendant Federal National Mortgage Association System's motion for summary judgment (ECF No. 93) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that counter defendant Hiddencrest/Parkhurst Community Association's motion for summary judgment (ECF No. 94) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that counter defendant Absolute Collection Services, LLC's motion to dismiss counterclaim (ECF No. 100) be, and the same hereby is, DENIED without prejudice.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1     IT IS FURTHER ORDERED that counter claimant and defendant Oscar Moreno's motion for leave to file an amended counterclaim (ECF No. 105) be, and the same hereby is, DENIED without prejudice.

     IT IS FURTHER ORDERED that Oscar Moreno and Federal National Mortgage Association System shall promptly file notices of constitutional questions, pursuant to Federal Rule of Civil Procedure 5.1(a)(1)(B).

     IT IS FURTHER ORDERED that this court certifies to the Nevada attorney general that it may rule on the constitutionality of the state statute at issue in this case, NRS 116.3116. The attorney general shall have thirty (30) days within which to intervene on behalf of the state of Nevada for presentation of argument on the question of the constitutionality of the statute.

     IT IS FURTHER ORDERED that the clerk of court shall send a copy of this order by certified mail to the Nevada attorney general.

     DATED August 2, 2016.

_____
UNITED STATES DISTRICT JUDGE